PATRICK H. HICKS, ESQ., Bar # 4632
SANDRA KETNER, ESQ., Bar # 8527
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
Telephone: 702.862.8800
Fax No.: 702.862.8811
Email: phicks@littler.com
Email: sketner@littler.com

Attorneys for Defendant
NEW CASTLE CORP. INC.
dba EXCALIBUR HOTEL & CASINO

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANDREA HERBERT,<br><br>        Plaintiff,<br><br>vs.<br><br>NEW CASTLE CORPORATION, a Nevada Corporation, dba EXCALIBUR HOTEL & CASINO; and DOES 1-50, inclusive,<br><br>        Defendant. | Case No. 2:17-cv-02410-APG-PAL<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |

COMES NOW Defendant New Castle Corp. Inc. dba Excalibur Hotel & Casino ("Defendant") and hereby admits, denies or avers to Plaintiff's Complaint (Complaint) as follows:

## **GENERAL ALLEGATIONS**

1. Defendant has insufficient information and belief to enable Defendant to answer whether Plaintiff was a qualified/eligible employee and on that basis, denies the allegation. Defendant admits the remaining allegations set forth in Paragraph 1 of the Complaint.

2. Defendant admits the allegations set forth in Paragraph 2 of the Complaint.

3. Defendant denies that the Eighth Judicial District Court in and for Clark

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

County is the proper court in which to adjudicate Plaintiff's claims. Defendant admits that Plaintiff alleges violations of Nevada law to have taken place at or near Excalibur located at 3850 Las Vegas Blvd. South, Las Vegas, NV 89109. Defendant denies any such violations occurred.

4. Defendant has insufficient information and belief to enable Defendant to answer the allegations set forth in Paragraph 4 of the Complaint, and on that basis, denies the allegations set forth in Paragraph 4 of the Complaint.

5. Defendant has insufficient information and belief to enable Defendant to answer the allegations set forth in Paragraph 5 of the Complaint, and on that basis, denies the allegations set forth in Paragraph 5 of the Complaint.

## STATEMENT OF FACTS

6. Defendant admits the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant admits the allegations set forth in Paragraph 7 of the Complaint.

8. Defendant has insufficient information and belief to enable Defendant to answer the allegations set forth in Paragraph 8 of the Complaint, and on that basis, denies the allegations set forth in Paragraph 8 of the Complaint.

9. Defendant denies the allegations set forth in Paragraph 9 of the Complaint

10. Defendant admits that Plaintiff submitted complaints to her supervisors and management at Excalibur, to human resources at Excalibur, and to the ethics hotline at Excalibur as well as to outside agencies, including OSHA and the EEOC. Defendant denies the remaining allegations set forth in Paragraph 10 of the Complaint.

11. Defendant admits that on or about April 16, 2016, Plaintiff reported a complaint about her supervisor to EthicsPoint, the ethics internet based reporting system for the Excalibur. Defendant has insufficient information and belief to enable Defendant to answer the remaining allegations set forth in Paragraph 11 of the Complaint, and on that basis, denies the remaining allegations set forth in Paragraph 11 of the Complaint.

12. Defendant admits the allegations set forth in Paragraph 12 of the Complaint.

13. Defendant admits that Plaintiff filed a complaint with OSHA. Defendant has

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

insufficient information and belief to enable Defendant to answer the remaining allegations set forth in Paragraph 13 of the Complaint, and on that basis, denies the remaining allegations set forth in Paragraph 13 of the Complaint.

14. Defendant admits the allegations set forth in Paragraph 14 of the Complaint.

15. Defendant admits that on or about June 17, 2016, Plaintiff and Joel Toberman, a shop steward at Excalibur, met with Dana Graham of Excalibur Human Resources, who informed Plaintiff that she was still investigating Plaintiff's complaint. Defendant further admits that at the meeting, Plaintiff agreed to take an unpaid personal leave of absence for one month. Defendant has insufficient information and belief to enable Defendant to answer the remaining allegations set forth in Paragraph 15 of the Complaint, and on that basis, denies the remaining allegations set forth in Paragraph 15 of the Complaint.

16. Defendant admits that Plaintiff was informed that her personal leave of absence was approved for 30 days. Defendant has insufficient information and belief to enable Defendant to answer the remaining allegations set forth in Paragraph 16 of the Complaint, and on that basis, denies the remaining allegations set forth in Paragraph 16 of the Complaint.

17. Defendant admits that Plaintiff was on an unpaid personal leave of absence beginning on or about June 17, 2016, while Excalibur Human Resources investigated Plaintiff's complaint. Defendant has insufficient information and belief to enable Defendant to answer the remaining allegations set forth in Paragraph 17 of the Complaint, and on that basis, denies the remaining allegations set forth in Paragraph 17 of the Complaint.

18. Defendant admits that Plaintiff returned to work following an approved personal leave of absence on July 18, 2016.

19. Defendant admits that on or about July 30, 2016, Defendant contacted emergency medical services and law enforcement due to Plaintiff's statements that she wanted to harm herself. Defendant has insufficient information and belief to enable Defendant to answer the remaining allegations set forth in Paragraph 19 of the Complaint,

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

3.

and on that basis, denies the remaining allegations set forth in Paragraph 19 of the Complaint.

20. Defendant has insufficient information and belief to enable Defendant to answer the allegations set forth in Paragraph 20 of the Complaint, and on that basis, denies the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant has insufficient information and belief to enable Defendant to answer the allegations set forth in Paragraph 21 of the Complaint, and on that basis, denies the allegations set forth in Paragraph 21 of the Complaint.

22. Defendant has insufficient information and belief to enable Defendant to answer the allegations set forth in Paragraph 22 of the Complaint, and on that basis, denies the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant has insufficient information and belief to enable Defendant to answer the allegations set forth in Paragraph 23 of the Complaint, and on that basis, denies the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant has insufficient information and belief to enable Defendant to answer the allegations set forth in Paragraph 24 of the Complaint, and on that basis, denies the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant admits that Plaintiff had a meeting with Jamie Akers, a member of Defendant's human resources department. Defendant has insufficient information and belief to enable Defendant to answer the remaining allegations set forth in Paragraph 25 of the Complaint, and on that basis, denies the remaining allegations set forth in Paragraph 25 of the Complaint.

26. Defendant admits that Plaintiff sought unemployment benefits, which were denied because Plaintiff was still employed.  Defendant has insufficient information and belief to enable Defendant to answer the remaining allegations set forth in Paragraph 26 of the Complaint, and on that basis, denies the remaining allegations set forth in Paragraph 26 of the Complaint.

27. Defendant admits that on November 23, 2016, Defendant terminated

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

Plaintiff's employment for job abandonment and failure to return to work.

## COUNT I – DEFAMATION AND SLANDER PER SE
### (Against Defendants Excalibur, and DOES 1-50, inclusive.)

28.  Defendant repeats and realleges by reference each and every response, denial and admission contained in Paragraph 1 through 27 above and incorporate the same as though fully set forth herein.

29.  Defendant admits the allegations set forth in Paragraph 29 of the Complaint

30.  Defendant admits that Plaintiff made statements to Defendant's management that she wanted to harm herself.  Defendant has insufficient information and belief to enable Defendant to answer the remaining allegations set forth in Paragraph 30 of the Complaint, and on that basis, denies the remaining allegations set forth in Paragraph 30 of the Complaint.

31.  Defendant admits that it contacted emergency medical services and law enforcement due to Plaintiff's statements that she wanted to harm herself.  Defendant has insufficient information and belief to enable Defendant to answer the remaining allegations set forth in Paragraph 31 of the Complaint, and on that basis, denies the remaining allegations set forth in Paragraph 31 of the Complaint.

32.  Defendant has insufficient information and belief to enable Defendant to answer the allegations set forth in Paragraph 32 of the Complaint, and on that basis, denies the allegations set forth in Paragraph 32 of the Complaint.

33.  Defendant denies the allegations set forth in Paragraph 33 of the Complaint.

34.  Defendant has insufficient information and belief to enable Defendant to answer the allegations set forth in Paragraph 34 of the Complaint, and on that basis, denies the allegations set forth in Paragraph 34 of the Complaint.

35.  Defendant has insufficient information and belief to enable Defendant to answer the allegations set forth in Paragraph 35 of the Complaint, and on that basis, denies the allegations set forth in Paragraph 35 of the Complaint.

36.  Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

37. Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

39. Defendant denies the allegations set forth in Paragraph 39 of the Complaint.

**COUNT II – TORTIOUS DISCHARGE**
**(Against Defendants Excalibur, and DOES 1-50, inclusive)**

40. Defendant repeats and realleges by reference each and every response, denial and admission contained in Paragraphs 1 through 39 above and incorporate the same as though fully set forth herein.

41. Defendant denies the allegations set forth in Paragraph 41 of the Complaint.

42. Defendant denies the allegations set forth in Paragraph 42 of the Complaint.

43. Defendant denies the allegations set forth in Paragraph 43 of the Complaint.

44. Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

45. Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

46. Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

47. Defendant denies the allegations set forth in Paragraph 47 of the Complaint.

**COUNT III (erroneously numbered IV) – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Against Defendants Excalibur, and DOES 1-50, inclusive)**

48. Defendant repeats and realleges by reference each and every response, denial and admission contained in Paragraphs 1 through 47 above and incorporate the same as though fully set forth herein.

49. Defendant denies the allegations set forth in Paragraph 49 of the Complaint.

50. Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

51. Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

52. Defendant denies the allegations set forth in Paragraph 52 of the Complaint.

53. Defendant denies the allegations set forth in Paragraph 53 of the Complaint.

///

///

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

6.

## PRAYER FOR RELIEF

Defendant is not required to respond to Plaintiff's Prayer for Relief. However, to the extent Plaintiff's prayer asserts allegations, Defendant denies each and every allegation in the prayer for relief.

## AFFIRMATIVE AND OTHER DEFENSES

1. AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff fails to state a claim for which relief can be granted as a matter of law.

2. AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff's claims are time-barred by the applicable statute of limitations.

3. AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff has failed to exhaust her administrative remedies.

4. AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant acted in good faith, with justification, with good cause, and without malice towards Plaintiff, and any employment actions taken concerning Plaintiff were for legitimate, non-discriminatory and non-retaliatory business reasons.

5. AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff has failed to mitigate her damages.

6. AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that if Plaintiff is adjudged to be entitled to any recovery, Defendant is entitled to an off-set for any compensation, including without limitation to, unemployment compensation, wages, salaries, settlement payments and/or severance, received by Plaintiff.

7. AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges upon information and belief that any relief to which Plaintiff may be entitled is barred by and/or limited by the after-acquired evidence doctrine.

8. AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

1  COMPLAINT, Defendant alleges that Plaintiff has failed to allege facts sufficient to state a
2  claim for punitive damages.
3       9.    AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT,
4  Defendant alleges that punitive damages constitute excessive fines prohibited by the
5  United States and the Nevada Constitutions.  The relevant statutes do not provide
6  adequate standards or safeguards for their application and they are void for vagueness
7  under the due process clause of the Fourteenth Amendment of the United States
8  Constitution and in accordance with Article I, Section 8 of the Nevada Constitution.
9       10.   AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT,
10 Defendant asserts claims that any statements made concerning Plaintiff were true.
11      11.   AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE
12 COMPLAINT, Defendant asserts that Plaintiff's cause of action for defamation and slander
13 per se is barred because all statements attributed to Defendant, if made, were subject to
14 an absolute privilege.
15      12.   AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE
16 COMPLAINT, Defendant asserts that Plaintiff's cause of action for defamation and slander
17 per se is barred because all statements attributed to Defendant, if made, were subject to a
18 conditional or qualified privilege.
19      13.   AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE
20 COMPLAINT, Defendant asserts that Plaintiff's cause of action for defamation and slander
21 per se is barred because all statements attributed to Defendant, if made, were consented
22 to by Plaintiff.
23      14.   AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE
24 COMPLAINT, Defendant asserts that Plaintiff's cause of action for defamation and slander
25 per se is barred because all statements attributed to Defendant, if made, were statements
26 of opinion.
27      15.   AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE
28 COMPLAINT, Defendant asserts that no false or defamatory statements were published to

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

8.

a third party. Alternatively, if any defamatory matter about Plaintiff was published, then it was either a non-actionable statement of opinion, true or the publication was privileged.

16. AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant asserts that Plaintiff has failed to state a claim for special damages with the requisite specificity.

17. AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that if the actions of former or current employees are found to be wrongful in any way, then those actions cannot be attributed to Defendant, that Defendant is not liable under concepts of Respondeat Superior, nor is Defendant vicariously liable.

18. AS AN EITHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that any unlawful or other wrongful acts attributed to any person(s) employed by Defendant were outside the scope of his or her authority and such acts, if any, were not authorized, ratified or condoned by Defendant, nor did Defendant know or have reason to be aware of such conduct.

19. AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff is barred from bringing this action on grounds that workers' compensation laws provide the exclusive remedy for the alleged injuries and damages.

20. AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff failed to allege a sufficiently important Nevada public policy to support a claim for tortious discharge.

21. AS A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff's claims are barred by the existence of an adequate statutory remedy.

22. AS A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff's claims are preempted by Section 301 of the Labor-Management Relations Act, 29 U.S.C. §185(a).

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

23. Pursuant to Fed. R. Civ. P. 11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Plaintiff's Complaint, and therefore, Defendant reserves the right to amend its Answer to Plaintiff's Complaint to allege additional affirmative defenses, if subsequent investigation so warrants.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing by way of her Complaint.

2. That Plaintiff's Complaint be dismissed with prejudice in its entirety and Judgment entered in favor of Defendant.

3. That Defendant be awarded its attorneys' fees and costs; and

4. For such other and further relief as this Court deems just and proper.

September 20, 2017

/s/Sandra Ketner
PATRICK H. HICKS, ESQ.
SANDRA KETNER, ESQ.
LITTLER MENDELSON, P.C.

Attorneys for Defendant
NEW CASTLE CORP. INC.
dba EXCALIBUR HOTEL & CASINO

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

10.

## PROOF OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 200 S. Virginia Street, 8th Floor, Reno, NV. On September 20, 2017, I served the within document(s):

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

☒ By **CM/ECF Filing** – Pursuant to FRCP 5(b)(3) and LR 5-4, the above-referenced document was electronically filed and served upon the parties listed below through the Court's Case Management and Electronic Case Filing (CM/ECF) system:

Daniel R. Watkins
WATKINS & LETOFSKY, LLP
8215 South Eastern Avenue
Suite 265
Las Vegas, NV 89123

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 20, 2017, at Reno, Nevada.

*/s/ Esperansa Reinold*
Esperansa Reinold

Firmwide:150097836.1 060736.1126

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

11.